IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE MILLS              Plaintiff | * |
| v. | *   CIVIL ACTION NO. RWT-06-1996 |
| DET. GEORGE V. DAVIS | * |
| DET. MOLINARO | |
| ORGANIZED CRIME DIVISION              Defendants. | * |
| | *** |

**MEMORANDUM OPINION**

On August 2, 2006, the court received for filing this 42 U.S.C. § 1983 civil rights Complaint for unspecified damages, alleging "false arrest, race profile, police corruption, harassing, misconduct, kidnapping, illegal search and seizure...." (Paper No. 1). Andre Mills ("Mills") complains that: (1) on July 6, 2005, he was pulled over for alleged traffic violations; (2) his mother's car was searched without consent or authorization;[1] (3) he was not charged, but was held in handcuffs for one to two hours until the officer could get a "search and seizure warrant for [a] store"; and (4) the officer found a firearm that is owned by his brother for security.[2] (Id.).

To the extent that Mills is seeking compensation for his arrests and detention, the case shall be summarily dismissed without prejudice as his § 1983 Complaint for damages is not cognizable

---

[1] Mills states that boxes of ammunition were found in the vehicle.

[2] Mills is currently detained at the Baltimore City Detention Center. According to court records he was arrested on April 25, 2006, on charges of second degree assault, third and fourth degree burglary, and reckless endangerment filed in the District Court for Baltimore City (2 cases). See United States v. Mills, Criminal No. CCB-05-0419 at Paper No. 16 (Government's Motion for Revocation of Terms of Pretrial Release) (D. Md.).

under Heck v. Humphrey, 512 U.S. 477 (1994). See also Muhammad v. Close, 540 U.S. 749, 750-51 (2004).

    The plaintiff in Heck, an Indiana state prisoner, sued two state prosecutors who had prosecuted him and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at his trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-7.

    Mills's Complaint includes claims of false arrest and illegal search and seizure. The Court observes that on September 13, 2005, a one-count indictment was handed down charging Mills with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). See United States v. Mills, Criminal No. CCB-05-0419 (D. Md. 2005). A superseding indictment entered on July 6,

2006, charged Mills with possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment relates to the July, 2005 chain of events set out in the Complaint. See United States v. Mills, Criminal No. CCB-05-0419 at Paper No. 22 (Plea Agreement). Mills pleaded guilty to the count set out in the superceding indictment and on July 7, 2006, was sentenced to 70 months in the U.S. Bureau of Prisons, to be followed by a 3-year term of supervised release, and ordered to pay a $100.00 special assessment. See United States v. Mills, Criminal No. CCB-05-0419 at Paper No. 26. The criminal judgment is on appeal.

A judgment in favor of Mills with regard to the arrest and search and seizure would bring into question the validity of his federal conviction. Mills's conviction has not been overturned. Under the rule of Heck, therefore, his civil rights claims for damages may not proceed in this Court. A separate Order follows.


Date: 8/8/06                                /s/
                                ROGER W. TITUS
                                UNITED STATES DISTRICT JUDGE